1  Norberto J. Cisneros, Esq., NV Bar No. 8782
   Barbara M. McDonald, Esq., NV Bar No. 11651
2  **MADDOX & CISNEROS LLP**
   3230 S. Buffalo Drive, Suite 108
3  Las Vegas, Nevada 89117
   Telephone: (702) 366-1900
4  Facsimile:  (702) 366-1999

5
   Michael Kind, Esq.
6  Nevada Bar No.: 13903
   **KIND LAW**
7  8860 South Maryland Parkway, Suite 106
   Las Vegas, Nevada 89123
8  Telephone: (702) 337-2322
   Facsimile:  (702) 329-5881
9  mk@kindlaw.com

10 George Haines, Esq.
   Nevada Bar No. 9411
11 **FREEDOM LAW FIRM, LLC**
   8985 S. Eastern Ave., Suite 350
12 Las Vegas, NV 89123
   Telephone: (702) 880-5554
13 Facsimile:  (702) 385-551
14 georgehaines@freedomlegalteam.com
15 *Attorneys for Plaintiff Brett Padalecki*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRETT PADALECKI, individually, on behalf of himself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a Mr. Cooper,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) Violations of Nevada Deceptive Trade Act<br>2) Violations of Electronic Funds Transfer Act (15 U.S.C. 1693 et seq.)<br>3) Negligence<br>4) Breach of Contract<br>5) Breach Implied Contract<br>6) Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff, an individual, on behalf of himself and all other similarly situated employees, by and through his counsel, alleges and brings claims against Defendant as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in this Court because Plaintiff and the class members are Nevada residents and the underlying properties at issue is located in Nevada.

## PARTIES

3. Plaintiff Brett Padalecki (hereinafter "Plaintiff") is a natural person who is and was a resident of the State of Nevada.

4. Each plaintiff is a "consumer" as defined in the EFTA, 15 U.S.C. § 1693a(6), in that each plaintiff is a natural person.

5. Each plaintiff is also a "sender" as defined in Regulation E, 12 C.F.R. § 1005.30(g), in that each plaintiff is a consumer who requested a remittance transfer provider to send a remittance transfer to a designated recipient.

6. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") is a is a Delaware limited liability company with its principal place of business in Coppell, Texas. Mr. Cooper is the current name under which Nationstar does business. Nationstar engages in mortgage servicing by, among other things, processing borrower payments, administering loss mitigation processes, and managing foreclosures. At all times relevant to this complaint, Nationstar has done business in this District and throughout the United States. Nationstar is one of the largest mortgage servicers in the United States.

7. Nationstar is a designated payee as used in the EFTA, 15 U.S.C. § 1693e(b), in that Nationstar initiated and received electronic fund transfers from Plaintiff's account that were preauthorized or purportedly preauthorized.

8. Nationstar is also a "servicer" as that term is used in RESPA, 12 U.S.C. § 2605, in that Nationstar was responsible for servicing a federally related mortgage loan.

9. Plaintiff is informed and believe, and thereon allege, that Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

2

**FACTUAL ALLEGATIONS**

10. In or about April 2021, Mr. Cooper withdrew, without authorization, two additional mortgage payments out of Plaintiff's bank account. Plaintiff had already made his monthly mortgage payment to Mr. Cooper.

11. Plaintiff was not signed up for Mr. Cooper's AutoPay.

12. Plaintiff disputed the withdrawals with his bank.

**Violations of EFTA**

13. The purpose of the Electronic Fund Transfer Act ("EFTA"), 15 USC § 1693, *et. seq.,* is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights." 15 USC § 1693(b).

14. "Electronic funds transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 USC § 1693a(7).

15. A "preauthorized electronic fund transfer" is defined as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." *Id.*

16. 15 U.S.C. § 1693e(b) provides that "in the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer."

**CLASS ALLEGATIONS**

17. Plaintiff re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

18. Plaintiff brings this action on behalf of all natural persons in the State of Nevada, whose mortgage loan servicing rights were transferred to Defendant Nationstar and who had executed an electronic funds transfer authorization with their prior servicer and from whom Defendant Nationstar initiated electronic funds transfers that were inconsistent with the prior existing electronic funds transfer authorization executed with the prior servicer.

19. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

20. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Defendant complied with the EFTA and related causes of action.

21. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

22. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

23. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## FIRST CLAIM FOR RELIEF
### Violations of Nevada Deceptive Trade Act

24. Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

25. The Nevada Deceptive Trade Act prohibits any false representation that is knowingly made in a transaction. NRS 598.0915(15).

26. Nationstar's false representations include, among other things, falsely representing that it had permission to withdraw money from Plaintiff's account.

27. As a direct and proximate result of Defendant's violation of law, Plaintiff and Class members have lost money.

28. Plaintiff, on behalf of himself and the Class, seek the following relief against all Defendant: (a) actual damages pursuant to NRS 41.600(3)(a); costs and attorney fees pursuant to NRS 61.600(3)(c).

29. Plaintiff, on behalf of himself and the Class, seeks treble damages pursuant to 15 U.S.C. 1693f(e) for incidental and consequential damages suffered due to their inability to pay bills or otherwise use their unemployment funds; and (f) an injunction barring the illegal debits of unauthorized charges.

## SECOND CLAIM FOR RELIEF
### Violations of the Electronic Funds Transfer Act
### (15 U.S.C. 1693, et seq.; 12 C.F.R. 1005.1, et seq.)

30. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

4

31. The electronic funds transfer authorization that Plaintiff entered with Defendant Nationstar authorized the servicer of Plaintiff's mortgage loan to initiate electronic funds transfers to pay Plaintiff's monthly mortgage payment.

32. 15 U.S.C. § 1693e(b) provides that, "in the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer."

33. Defendant Nationstar initiated electronic funds transfers on Plaintiff's bank that were not consistent with the electronic funds authorization that Plaintiff entered with Defendant Nationstar.

34. Defendant Nationstar initiated electronic funds transfers to Plaintiff's bank without providing reasonable advance notice to Plaintiff of the amount to be transferred and the scheduled date of the transfer.

35. As a result of these unauthorized transfers, Plaintiff suffered damages including but not limited to the loss of the availability of the money, emotional distress from his checking account being drafted without permission and having to demand Defendant correct its errors.

36. Defendant Nationstar violated 15 U.S.C. §§ 1693e(b).

37. Plaintiff, on behalf of himself and the Class, seek the following relief: (a) actual damages; (b) restitution of all funds improperly debited by Plaintiff's and the Class Member's banks; (c) statutory damages; (d) treble damages pursuant to 15 U.S.C. 1693f(e); (e) incidental and consequential damages suffered due to their inability to pay bills or otherwise use their t funds; and (f) an injunction barring such unauthorized charges in the future.

### FOURTH CLAIM FOR RELIEF
#### Negligence

38. Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

39. Defendant Nationstar breached its duty to Plaintiff and Class members by, among other things: (a) failing to transfer or store their account information in a secure manner; (b) failing to ensure its customer service operation was capable of providing reasonably timely and effective assistance to Plaintiff and Class members, including when they are victims of fraudulent or unauthorized transactions; (e) failing to give reasonable and adequate notice to Plaintiff and Class

5

members that their accounts were and remain at risk of being vulnerable to fraudulent and unauthorized transactions; (f) failing to process claims regarding fraudulent or unauthorized transactions in a reasonably timely and adequate manner; and (g) failing to extend provisional credit to Plaintiff and Class members when Defendant Nationstar fails to resolve their claims regarding fraudulent or unauthorized transactions in a reasonably timely and adequate manner.

40. Defendant Nationstar's misconduct concerning its failure to safeguard customer accounts is inconsistent with industry standards.

41. Defendant Nationstar's misconduct concerning its failure to timely and adequately respond to Plaintiff and Class members' claims of fraudulent and unauthorized transactions on their accounts is inconsistent with industry regulations.

42. Defendant Nationstar's misconduct is inconsistent with its own policies and procedures for accounts.

43. The harm inflicted upon Plaintiff and other Class members was reasonably foreseeable to Defendant Nationstar, and it knew or should have known its customer service resources and/or procedures were insufficient to accommodate issues stemming from unauthorized transfers, and that such an issue would foreseeably lead to an increased demand for customer service by Plaintiff and Class members for all purposes, including for the purpose of reporting and attempting to resolve claims of fraudulent or unauthorized transactions.

44. As a direct and proximate result of Defendant Nationstar's misconduct, Plaintiff and Class members have been deprived of their money.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract

45. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. Plaintiff and Defendant Nationstar executed an electronic funds transfer authorization agreement or Nationstar acquired the rights to such an authorization from a prior servicer.

47. Defendant Nationstar initiated electronic funds transfers that were not consistent with the electronic funds authorization that Plaintiff entered with Plaintiff's bank, and other banks.

48. Defendant Nationstar initiated electronic funds transfers without providing reasonable advance notice to Plaintiff or the classs members of the amount to be transferred and the scheduled date of the transfer.

49. Defendant Nationstar did not timely refund Plaintiff for the unauthorized transfer or compensate Plaintiff for the consequential damages arising from that unauthorized transfer.

50. Obtaining authorization to initiate electronic funds transfers and properly allocating payments are standard servicer's duties.

51. Defendant Nationstar did not honor Plaintiff's electronic funds transfer authorization agreement.

52. Plaintiff and the class members suffered damages as a result of the breach.

## TENTH CLAIM FOR RELIEF
### Unjust Enrichment

53. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

54. Defendant acted unlawfully, unfairly, and deceptively.

55. As a result of Defendant's unlawful, unfair, and deceptive conduct, Plaintiff paid unauthorized amounts, and made premature payments.

56. Defendant obtained a benefit as a result of its unlawful, unfair, and deceptive conduct in the form of the unauthorized and premature payments.

57. Under principles of equity and good conscience, Defendant should not be permitted to retain revenue that it acquired by virtue of its unlawful conduct. All funds, revenue, and benefits received by Defendant rightfully belong to Plaintiff and those similarly situated.

## JURY TRIAL DEMANDED

x. Plaintiff hereby demands a jury trial pursuant to the Constitution of the United States of America and the Constitution of the State of Nevada.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all Members of the Class alleged herein, prays for relief as follows:

1. For an order certifying the action as a class action under Rule 23;

2. For an order appointing Plaintiff as the Representatives of the Class and his counsel as Class Counsel for the Class;

4. For damages as follows:

(a) actual damages;

(b) for treble damages;

(c) statutory damages;

7

(d) punitive damages;

(e) injunctive relief;

(f) attorneys' fees, litigation expenses and costs of suit;

(g) for pre-judgment and post-judgment interest, as provided by law; and

(h) such other or further relief as the Court deems proper.

DATED this 14th day of May 2021.

**MADDOX & CISNEROS LLP**

    Norberto J. Cisneros, Esq., NV Bar No. 8782
    Barbara M. McDonald, Esq., NV Bar No. 11651
    3230 S. Buffalo Drive, Suite 108
    Las Vegas, Nevada 89117

**KIND LAW**

By: /s/ Michael Kind
    Michael Kind, Esq., NV Bar No. 13903
    8860 South Maryland Parkway, Suite 106
    Las Vegas, Nevada 89123

**FREEDOM LAW FIRM, LLC**

    George Haines, Esq., NV Bar No. 9411
    8985 S. Eastern Ave., Suite 350
    Las Vegas, NV 89123